# THE ATTORNEY GENERAL
## OF TEXAS
GROVER SELLERS                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXX



Honorable David McNeill, Jr.
County Attorney
Shelby County
Center, Texas

Dear Sir:                     Opinion No. 0-6277
                            Re: Procedure to be followed
                               in redeeming land sold to
                               the State for delinquent
                               taxes in the year 1856,
                               and related questions.

       We acknowledge receipt of your recent letter request-
ing our opinion upon the above captioned matter. Your letter
reads as follows:

       "The deed records of Panola County, Texas, Volume E,
Page 394, show that Elisha Williams, assessor of Panola
County during the year 1856, levied on several tracts of
land among which was 98 acres of the Bailey Anderson
Survey lying East of the Sabine River for State and
County taxes assessed for the year 1854 against Samuel
McFaddin. There being no bidders at the public sale of
said lands, the said Elisha Williams bid off the same for
the State of Texas by bidding therefor the amount of
taxes due thereon and costs of sale, and executed a deed
conveying said lands to the State of Texas on July 26,
1856, which deed recited that in accordance with law and
after notice of such sale had been given more than 30
days before the date of sale by advertising in writing
posted at the Courthouse door and at <u>two</u> other public
places in said County, naming said places.

       "The records do not show that the said Elisha Wil-
liams or any of his successors in office have executed a
deed to the said 98 acres of land to any one since that
date.

       "Hon. Geo. H. Sheppard has advised that the records
of his office reveal that this property was levied on

and sold to the State as set forth above, and that no redemption receipt has been issued, or any action has been taken in regard to the sale. Therefore, there remains a valid charge against said land, according to Mr. Sheppard.

"Articles 7288-7291, inclusive, and Articles 7306-7318, inclusive, of the Revised Civil Statutes of Texas deal with this type of proposition, but they are not clear to the writer as to the exact procedure to follow to perfect title to this 98 acres.

"(1) Please advise the exact steps to be taken by the present owner of the land to clear his title to the 98 acres. (2) What interest does the State of Texas claim is said 98 acres? (3) Could the State Comptroller issue proper redemption certificate upon payment of all taxes and costs? (4) Could the County Tax Collector make proper deed to present land owner upon payment of taxes and costs?

"Under Article 7290 if such lands have not been redeemed as provided in Article 7289, then the same may be sold as provided in Article 7288. (5) What does this mean? (6) How would the State sell the land? (7) By whom?

"In Vol. 40 of Texas Jurisprudence at the top of page 223, I find 'Where land had been sold off to the State of Texas for taxes assessed subsequently to December 31, 1876, the owner having failed to redeem, such land might be reoffered for sale by the collector on receipt of a list from the Comptroller.' The land under investigation was sold off to the State of Texas in 1856. (8) What effect does this have?

"I am assuming that the sale by said Elisha Williams was in strict conformity with the laws existing as of the date of sale. However, I note that the deed recites that notice was posted at the courthouse and two other public places in the County. (9) Did the law require posting at the Courthouse and three other public places in 1856 as it does today? (10) If so, and notices were posted only at two places except the Courthouse, what effect would that have on the deed to the State of Texas?"

Your letter propounds ten separate questions for our

opinion and you will note that in your letter, as quoted above, we have numbered said questions for convenience from (1) to (10), and have underscored each question. We will first answer your questions and then present a review of the various statutes we think are applicable and our reasons and authorities for our answers.

Answer to Question No. 1: The present owner, if he is either an heir, legal representative or assignee of the owner of the tract of land in question at the time of the sale in the year 1856, can at this time redeem said land from the State by paying to the Tax Collector of Panola County, Texas, an amount of money equal to the amount of the 1854 tax, together with all costs, penalties and interest now required by law, and also the payment of all taxes, interest, penalties and costs on or against said lands since December 31, 1919.

Answer to Question No. 2: The State of Texas has the title to said tract of land, subject to the right of redemption which may be exercised at any time before the State of Texas makes a sale of said tract to a third party.

Answer to Question No. 3: Upon payment as provided for in above answer to Question No. 1, it will be the duty of the Comptroller to issue to the owner of said tract of land a proper redemption certificate, which the owner may place of record in the deed records of Panola County.

Answer to Question No. 4: The County Tax Collector has no authority to execute a deed to present land owner upon payment of taxes and costs (see recent opinion of Justice O. C. Funderburk, Court of Civil Appeals of the Eastland District in Cause No. 2473, styled H. D. Dennis, et al, v. O. H. Little; not yet reported.)

Answer to Question No. 5: Articles 7288, 7289, and 7290 as codified and brought forward in Vernon's Annotated Revised Statutes were taken from an Act of the 16th Legislature, 1879, p. 36. Article 4759 of said 1879 Act is now Article 7288 of Vernon's Annotated Civil Statutes; Article 4759a of said 1879 Act is now Article 7289 of V. A. C. S.; Article 4759b of said 1879 Act reads as follows:

"In case said land shall not have been redeemed as provided in Article 4759a, then the same may be sold as provided by an Act entitled 'an Act to provide for the sale of all real estate bid off to the State

by Collectors of taxes at tax sales, the owners of which have not redeemed the same,' approved April 7, 1879."

The Act referred to above, approved April 7, 1879, is found in General Laws of Texas, 1879 to 1885, Chapter 70, p. 79, and Secs. 1, 2 and 3 which provide for a second sale have been brought forward by the codifiers in Articles 7306, 7307 and 7308, V. A. C. S. Evidently, the codifier in having Article 7290 to read as follows:

"In case said land shall not have been redeemed as provided in Article 7289, then the same may be sold as provided in Article 7288",

intended it to read as follows:

"In case said land shall not have been redeemed as provided in Article 7289, then the same may be sold as provided in Articles 7306, 7307 and 7308."

Otherwise, Article 7290 does not make sense and is meanlingless.

Answer to Question No. 6: The State would sell the land under Article 7290 as provided for in Articles 7306, 7307 and 7308.

Answer to Question No. 7: The Tax Collector would make the sale as provided by Article 7308.

Answer to Question No. 8: As the land in question was sold to the State prior to December 31, 1876, we are of the opinion that Article 7306 of the Revised Statutes of 1925 from which the writers of Volume 40, Texas Jurisprudence were quoting, at the top of p. 223 is not applicable.

Answer to Question No. 9: The law did not require posting of the notices at the Courthouse and three other public places in the year 1856, but only at the Courthouse and two other public places.

Answer to Question No. 10: Our answer to above Question No. 9 obviates the necessity of our answering your question No. 10.

In our recent Opinion No. 0-6173, we held that the Legislature in prescribing a two year redemption period, did not

do so for the purpose of setting a date beyond which redemption may not be had but that this period was established to insure the original owner that he possesses an absolute right of redemption during such two year period and that during such period the State will not interfere with such right by selling the land to a third person. In other words, this Opinion held that the original owner would have a vested right to redeem his land from the State even after the two year redemption period at any time before the State actually exercised its right by making a sale to a third person. We are enclosing a copy of said Opinion No. 0-6173 for your information.

Article 5187, Paschal's Digest, Laws of Texas, Vol. 1, p. 877 (Act of February 11, 1850) provides in part as follows:

"Every Assessor and Collector of taxes shall give notice of the time and place of sale of property so levied on, at least thirty days previous to the day of sale, by advertisement in writing, to be posted up, one on the Courthouse door of his county, and in two other public places in his county; . . ."

Article 5204, Paschal's Digest, Laws of Texas, Vol. 1, p. 880 (Act of February 9, 1854) reads as follows:

"When any land or tenement shall be advertised for sale by the Assessor and Collector of Taxes, for any taxes accruing to the State, and such lands or tenements cannot be sold for the want of bidders, it shall be the duty of the Assessor and Collector to bid off the same for the State, for the amount of taxes due; and such lands may be redeemed within two years from the date of sale, by the owner or owners, or some other person for him, paying the amount of taxes, and one hundred percentum thereon, together with the costs of sale. When property has been sold for the taxes of any year, and purchased by the State, and remained unredeemed such property shall not be again assessed or sold for the taxes of any succeeding year; but on the redemption of said property by the owner, he shall be required to pay the taxes which would have accrued on said property, for each successive year, as though the same had been regularly assessed." (Underscoring ours)

The Legislature in the years 1856, 1858, 1860, 1863 and at various times since have passed legislation extending

the time by which former owners might redeem lands that had been sold for taxes and purchased by the State, and each of said acts provide for various terms and conditions upon which the land owner might redeem.  A careful examination of Vernon's Annotated Civil Statutes discloses that none of these Acts have been brought forward and incorporated in the 1925 revision, except those brought forward in Articles 7289, 7291, and 7340, V. A. C. S.

Article 7289 V. A. C. S., was brought forward from Acts 1879, S. S. p. 36; and reads as follows:

"The owner of any lands that may have been conveyed to the State under the provisions of the foregoing article, or his agent, desiring to redeem the same, may do so by depositing with the collector of the county in which the lands were sold double the amount of the purchase money and all accrued taxes thereon, within two years from the date of the deed to the State; and such collector shall execute a receipt to such owner, or agents, giving therein the amount of money received, and a description of the land so as to identify the same, and sign and seal the same officially; and, upon presentation of such receipt to the Comptroller, he shall execute to the owner a relinquishment under his signature and seal of office, which may be admitted to record in like manner with other conveyances of land."

It will be noted that this article provides practically the same terms and conditions of redemption as Article 5204, Paschal's Digest (supra).

Article 7291, V. A. C. S., according to Vernon's Compilation shows to have come from the same source as Article 7289, V. A. C. S., viz. from Acts 1879, S. S. p. 36.  However, an examination of said 1879 Act discloses this to be an error.  Article 7291, V. A. C. S. was taken from Chapter XIX, p. 31, S. S. of the 18th Leg., 1883.  This 1883 Act amended Section 3 of said 1879 Act (Section 3 of said 1879 act is now incorporated in said Article 7289, V. A. C. S.) so that same read as Article 7291, V. A. C. S., now reads.  Article 7291, V. A. C. S., reads as follows:

"The owner of real estate which has been bought in by the State for taxes, or his heirs or assigns, may redeem the same at any time prior to the sale thereof, by the payment to the collector of the county in which

such real estate is situated, or to the Comptroller, if in an unorganized county, of the amount designated by the Comptroller as due thereon with costs of advertisement; and if it shall at any time appear to the satisfaction of the Comptroller that any land has been sold to the State for taxes which have been paid, or that the sale has not been made in accordance with the law authorizing the sale of land for taxes, he shall upon the payment of the amount that may be due thereon, cancel such sale; and deliver to the owner of the land, or his agent, a certificate under seal of his department, setting forth the fact that such land has been redeemed, or that such sale has been cancelled; which certificate shall release the interest of the State and the same may be recorded in the proper county as other conveyances of real estate are recorded."

Inasmuch as the provisions of Article 7289 and 7291 are in conflict, and the Legislature in 1883 in effect repealed Section 3 of the 1879 Act (which is now Article 7289, V. A. C. S.) by amending same so that it read as our present Article 7291, V. A. C. S., it is our opinion that Article 7291 should control over Article 7289, notwithstanding the fact that the 1925 codifiers brought both the 1879 provisions and the provisions of 1883, that amended same, into the 1925 codification. Our opinion that Article 7291 controls over Article 7289 is further strengthened by the fact that Article 7289 is limited by its own terms to sales made "under the provisions of the preceding article." This Act was passed in 1879. The sale in question was made in the year 1856, and was not made "under the provisions of the preceding Article."

The other redemption Article above referred to is Article 7340, V. A. C. S. This Article is a later expression of the Legislature and reads as follows:

"Where lands or lots shall hereafter be sold to the State or to any city or town for taxes under decree of court in any suit or suits brought for the collection of taxes thereon or by a collector of taxes, or otherwise, the owner or any one having an interest in such lands or lots shall have the right at any time within two years from the date of sale to redeem the same upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law, and also payment of all taxes, interest, penalties and

costs on or against said land or lots at the time of the redemption. Acts 1897, p. 132, Sec. 14; Acts 1905, p. 323; Acts 1907, p. 282; Acts 2nd C. S. 1909, p. 400; Acts 1st C. S. 1913, p. 25; Acts 1st C. S. 1915, p. 58; Acts 4th C. S. 1918, p. 155; Acts 3rd C. S. 1920, p. 103"

It will be noted that this Article 7340 is limited by its own terms to lands that shall hereafter be sold to the State, etc. Article 7340, was taken from Vernon's Civil Statutes Supp. 1922, Acts 1920, 36th Leg., 3rd C. S. Ch. 59, p. 103, Sec. 1, Article 7597, which reads as follows:

"'That the owner or any one having an interest in land or lots heretofore sold to the State, or any city or town, under the decrees of court, in any suit or suits brought for the collection of the taxes thereon, or by the collector of taxes, or otherwise, shall have the right at any time within two years after the taking effect of this Act to redeem the same upon the payment of the amount of taxes for which sale was made, together with all costs, penalties and interest now required by law, and also the payment of all taxes, interest, penalties and costs on or against said lands or lots at the time of said redemption. And where lands or lots shall hereafter be sold to the State or to any city or town for taxes under decree of court in any suit or suits brought for collection of taxes thereon or by a collector of taxes, otherwise, the owner having an interest in such lands or lots shall have the right at any time within two years from date of sale upon payment of the amount of taxes for which sale was made, together with all costs and penalties required by law, and also the payment of all taxes, interest, penalties and costs on or against said lands or lots at the time of redemption.'"

It will be observed that the codifiers in 1925 omitted the first portion of said Article 7697 which provided for the owner to redeem his lands that had theretofore been sold to the State. However, upon the authority of an Opinion by the Commission of Appeals of Texas, written by Judge Ocie Speer in Rose et al v. Turner et al. 7 S. W. (2d) 70, in answering certified questions from the Court of Civil Appeals for the First Supreme Judicial District, we are of the opinion that said omitted portion of the 1920 Act is now in full force and effect. Judge Speer in holding that Article 7696 had not been repealed by reason of its omission from the 1925 codification had the following to say:

"By Sec. 2 of the Codification Act (V. A. C. S. 1925, final title) there is this repealing clause: 'That all civil statutes of a general nature, in force when the revised statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed.'

"By Sec. 9 it is expressly provided:

'That all laws * * * vesting a time limit in which to redeem lands sold for taxes * * * are continued in force.'"

In order for us to determine the amount the owner of the land in question would have to pay to the State of Texas in order to redeem said tract of land, it will be necessary for us to determine whether the land should be redeemed under Art. 5204, Paschal's Digest, Vol. 1, which was in force at the time the land was sold, or Article 7289, V. A. C. S., or Art. 7291, V. A. C. S., or Art. 7697, Vernon's Civil Stats. Supp. 1922, which was omitted in the 1925 codification. As stated above, we are of the opinion that Art. 7291 would take precedence over Art. 7289. It is our opinion that at the time the land was purchased by the State of Texas in 1856 that the then owner of the land had a vested right to redeem same according to the terms and provisions of the redemption law as then in force and effect, (See 61 C. J. Sec. 1687 et seq. p. 1243 and authorities there cited,) and that the Legislature could not divest said owner of such vested right by later making the terms and conditions of redemption more onerous. However, if the Legislature by later enactments made the terms and conditions of redemption less onerous to the land owner, we are of the opinion that the land owner could take advantage thereof. We will therefore compare the various redemptive acts to ascertain which one or ones are less onerous to the land owner.

The original act, being Art. 5204, would on its face seem to be less onerous by reason of the fact that it only provides for the paying to the State the amount of taxes and one hundred percentum thereon together with costs of sale, and the payment of all taxes that would have accumulated on said property for each year since 1856 as though the same had been regularly assessed. But our Supreme Court in the case of F. R. Dean v. State of Texas reported in 54 Tex. 313, in construing the redemption statute of 1876 which did not provide for the land owner to pay interest on the taxes and costs, held that the State would be entitled to six percent interest up to the time of the redemption. Thus we see that the land owner under this original act would have to pay double the amount of the 1854 taxes and all

costs and interest thereon at the rate of six percent from 1856 to this date, as well as all other delinquent taxes.

Under Article 7289, the land owner would have to pay the State in order to redeem, double the amount of the purchase money, (which included the 1854 tax and the costs) with six percent thereon to this date as well as all other delinquent taxes. Under this article the land owner would not only have to pay double the amount of taxes but also double the amount of costs, under the authority of an opinion by James S. Hogg, Attorney General of Texas, dated November 14, 1887, recorded in Vol. 12, p. 237 of the Attorney General's Opinions. So it is seen that this statute is more onerous to the land owner than said article 5204, Paschal's Digest (supra).

Art. 7291, V. A. C. S., provides that the land owner should pay to the State the "amount designated by the Comptroller as due thereon with costs of advertisement." This statute within itself does not state how the Comptroller is to arrive at the amount "due thereon with costs of advertisement." We do not believe this article conflicts with that portion of Art. 7697, Vernon's Civil Stats. Supp. 1922, which was omitted by the 1925 codifiers and are of the opinion that they should be construed together, and therefore hold that the Comptroller should be guided by the terms of Article 7697, V. C. S. Supp. 1922, in designating the amount due by the land owner. This statute provides that the land owner may redeem his land upon the payment of the amount of taxes for which sale was made, together with all costs, penalties and interest now required by law and also the payment of all taxes, interest, penalties and costs on or against said lands or lots at the time of said redemption. It clearly appears that the statute quoted from next above is less onerous than either of the other redemption statutes and that the land owner could at his election either redeem his land by paying to the State the amount therein designated or redeem his land by paying to the State the amounts designated in the redemption statute in force at the time the sale was made in the year 1856. It will be noted that Art. 7291, (supra) provides that the owner of real estate which has been bought by the State may redeem the same at any time prior to the sale thereof and does not limit his right of redemption to a 2-year period. We believe that this statute strengthens the conclusions reached in our Opinion No. O-6173 which is herewith enclosed.

The Legislature in 1935, 44th Leg., p. 355, Ch. 128 acting in pursuance of the Constitutional amendment of November 8, 1932 in amending Sec. 55 of Art. 3 of our Constitution,

provided that "the collection of all delinquent ad valorem taxes due the state, County, Municipality or other defined subdivision that were delinquent prior to December 31, 1919, is forever barred." By virtue of the above act it is our opinion that the land owner may redeem his land without paying the State any delinquent taxes that were delinquent prior to December 31, 1919.

As stated above in answer to question No. 1, the land owner in order to redeem must pay to the Tax Collector as provided in Art. 7697, V. C. C. Supp. 1922 the "amount of taxes for which sale was made, together with all costs and penalties now required by law, and also the payment of all taxes, interest, penalties and costs on or against said lands or lots at the time of redemption." You will note that this statute does not provide for the landowner to pay the taxes for which the sale was made, but provides for the landowner to pay the "amount of the taxes for which the sale was made." It is our opinion that the Legislature in so providing was merely using the amount of the taxes as a measuring rod to determine what amount the land owner should pay the State in order to redeem his land. We are led to the above construction by the fact that the Legislature stated in plain and unambiguous terms that in addition to the "amount of the taxes for which the sale was made," the landowner should pay "all taxes, . . . on or against said lands or lots at the time of redemption." So we hold that in 1935 the Legislature "forever barred" "all taxes . . . on or against said lands or lots at the time of redemption" which were delinquent prior to December 31, 1919, but that the taxpayer should pay to the State an amount of money equal to the taxes for which the sale was made. The 1935 tax remission Act did not repeal the "measuring rod."

Trusting that the above satisfactorily answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ W. V. Geppert
W. V. Geppert
Assistant

WVG:iw
Encl.

APPROVED JAN 4, 1945

/s/ Carlos Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion
Committee

By /s/ GWB
Chairman